|     |                                      |
| --- | ------------------------------------ |
|     | **UNITED STATES DISTRICT COURT**     |
|     | **DISTRICT OF NEVADA**               |

TERRELL YOUNG,  )
                    )    3:07-cv-00517-LRH-VPC
      Plaintiff,   )
                    )
   vs.                 )    **REPORT AND RECOMMENDATION**
                    )    **OF U.S. MAGISTRATE JUDGE**
                    )
E.K. MCDANIEL, *et al.*,   )
                    )    December 16, 2008
      Defendants.   )
_____)

        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion for partial summary judgment (#26). Plaintiff failed to file an opposition. The court has thoroughly reviewed the record and the motion and recommends that defendants' motion for partial summary judgment (#26) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

        Plaintiff Terrell Young ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#30). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983. After screening, five of plaintiff's claims remain, counts 12, 15, 19, 22, and 45 (#6, #8). Plaintiff alleges violations of his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to due process (#7). Plaintiff names as defendants E.K. McDaniel, ESP warden; Howard Skolnik, Director of NDOC; and Jim Gibbons, Governor of Nevada. *Id*.

        In count 12, plaintiff alleges that defendants prevented him from attending Jumah services while he was housed in solitary confinement (#7, p. 24). In counts 15 and 22, plaintiff alleges that prison officials prohibited him from receiving packages from outside sources. *Id*. p. 27, 34. In count 19, plaintiff claims that prison officials sprayed "slouth gas" and smoke on him while he was reading, writing, and working out. *Id*. p. 31. In count 45, plaintiff claims that NDOC exposed

him to cigarette smoke and smoke residue by allowing smokers to inhabit cells before him (#7-2, p. 17). Defendants filed a motion for partial summary judgment on July 29, 2008 (#26). (Defendants also filed a motion to dismiss the remaining counts (#24). However, the court decides this motion in a separate order).On July 30, 2008, the court issued its standard *Klingele* order to inform plaintiff of the requirements for opposing a dispositive motion (#27). Plaintiff did not file an opposition. This court issued a minute order on August 27, 2008, *sua sponte* granting plaintiff one extension of time, until September 15, 2008, to file an opposition to defendants' motion for summary judgment (#35). To date, plaintiff has failed to file an opposition.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

    **1.     Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dept. of Agriculture*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In inmate cases, the courts must

> [d]istinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 526, 126 S.Ct. 2572, 2576 (2006). Where reasonable minds could

differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248.  Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.     Analysis**

Defendants argue that "there is no objective evidence that establishes or reasonably infers that 'slouth gas' was ever present at Ely State Prison" (#26, p. 3). Defendants further contend that the only chemical that has ever been released at ESP is a type of pepper spray, which is only used for security reasons, and that no gases are present in the ventilation system, or on furniture or other objects at ESP. *Id*. p. 5-6. Additionally, the pepper spray causes different symptoms than those plaintiff describes in his grievances and complaint. In his grievances, plaintiff claims that the slouth gas causes him to feel sleepy, irritated, frustrated, and causes him to suffer from headaches (#26, exh. B, p. 5-6). Defendants contend that the pepper spray causes a burning sensation and skin and eye irritation. *Id*. exh. F, p. 24. Defendants have submitted multiple declarations to support their contention that no gases (other than pepper spray) have been sprayed into plaintiff's cell or other areas in the prison. *Id*. exhs.  Plaintiff has presented no evidence that defendants ever sprayed any gas or chemical on him at any time. Plaintiff's alleged symptoms are inconsistent with the physical effects caused by the pepper spray that prison officials sometimes release. As plaintiff has offered no evidence to rebut defendants' declarations that no slouth gas was sprayed on him, there are no issues of material fact, and summary judgment is granted.

Local Rule 7-2 states "The failure of an opposing party to file points and authorities in

response to any motion shall constitute a consent to the granting of the motion." L.R. 7-2(d). The court has reviewed defendants motion for summary judgment and the evidence and concludes that defendant's motion has merit. Plaintiff has been duly warned of the consequences of failing to file an opposition, and has been given ample time to do so. Pursuant to Local Rule 7-2, the court finds that plaintiff consents to each of the defendants' arguments. The court grants summary judgment on count 19.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants' motion has merit and that plaintiff consents to defendants' arguments. As such, the court recommends that defendants' motion for summary judgment (#26) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for partial summary judgment (#26) be **GRANTED**.

**DATED:** December 16, 2008.

_____
**UNITED STATES MAGISTRATE JUDGE**