**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TERRELL YOUNG, )
        Plaintiff, ) 3:07-cv-00517-LRH-VPC
        vs. ) **REPORT AND RECOMMENDATION**
         ) **OF U.S. MAGISTRATE JUDGE**
E.K. MCDANIEL, *et al.*, )
        Defendants. ) December 16, 2008

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss counts 12, 15, 22, and 45 (#24). Plaintiff opposed the motion to dismiss by filing a motion to keep counts 12, 15, 22, and 45 (#29) and defendants replied in an opposition to plaintiff's motion (#33). The court has thoroughly reviewed the record and the motion and recommends that defendants' motion to dismiss (#24) be granted.

### I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Terrell Young ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#30). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983. After screening, five of plaintiff's claims remain, counts 12, 15, 19, 22, and 45 (#6, #8). Plaintiff alleges violations of his Eighth Amendment right against cruel and unusual punishment and his Fourteenth Amendment right to due process (#7). Plaintiff names as defendants E.K. McDaniel, ESP warden; Howard Skolnik, Director of NDOC; and Jim Gibbons, Governor of Nevada. *Id*.

In count 12, plaintiff alleges that defendants prevented him from attending Jumah services while he was housed in solitary confinement (#7, p. 24). In counts 15 and 22, plaintiff alleges that he was not permitted to receive packages from outside sources, pursuant to NDOC policy. *Id*. p. 27, 34. In count 19, plaintiff claims that prison officials sprayed "slouth gas" and smoke on him

while he was reading, writing, and working out. *Id*. p. 31. In count 45, plaintiff claims that NDOC exposed him to cigarette smoke and smoke residue by allowing smokers to inhabit cells before him (#7-2, p. 17). Defendants move to dismiss counts 12, 15, 22, and 45, claiming that plaintiff failed to exhaust his administrative remedies (#24). Defendants also move for summary judgment on count 19 (#26); however, the court addresses that motion in a separate order.

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.     Discussion**

**1.     Motion to dismiss for failure to state a claim**

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). For the movant to succeed, it must appear to a certainty that plaintiff will not be entitled to relief under the facts alleged in the complaint. *Rothman v. Vedder Park Mgt.*, 912 F.2d 315, 316 (9th Cir. 1990). Under section 1983, plaintiff must allege that (1) defendants subjected him to the deprivation of a right, privilege or immunity guaranteed by the U.S. Constitution or federal law, and (2) that the defendants acted under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act." *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quotations omitted).

**2.     Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1996 (the "PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983

2

of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2002).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002), citing *Booth*, 532 U.S. at 739-40, n.5. Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741, n.6 ("[w]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

All administrative remedies must be exhausted before the action is "brought" by a prisoner. In *Vaden v. Summerhill*, the Ninth Circuit adopted the Seventh Circuit rule that "an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk." 449 F.3d 1047, 1050 (9th Cir. 2006). Additionally, the court must dismiss if exhaustion requirements are not met when the suit is brought, "even if the plaintiff exhausts his administrative remedies while the litigation is pending." *Id.*

Failure to exhaust is an affirmative defense under the PLRA rather than a jurisdictional requirement. As such, inmates are not required to specifically plead or demonstrate exhaustion in their complaints. *Jones*, 127 S.Ct. at 921. Rather, it is the defendant's responsibility to raise failure to exhaust as an affirmative defense.

### 3.     NDOC Grievance Procedure

The NDOC grievance procedure is governed by A.R. 740 (#12, Ex. A). In order to exhaust available remedies, A.R. 740 requires as follows: (1) an informal review process; (2) a first level formal grievance appealing the informal grievance decision to the warden; and (3) a second level grievance, which is decided by the Assistant Director of Operations. *Id*. A.R. 740 requires NDOC officials to respond at each grievance level within a specified time period, beginning from the

1  date of receipt of the inmate's grievance. *Id*. Inmates are given six months to file an informal
2  grievance when the claims involve personal property damage or loss, personal injury, medical
3  claims or any other torts claims. *Id*., p. 14. Plaintiff then has five days after the return of a
4  decision based on the level of review to appeal the decision. *Id.*

5  **B.     Analysis**

6  Defendants argue that counts 12, 15, 22, and 45 should all be dismissed because plaintiff
7  failed to exhaust his administrative remedies prior to filing this lawsuit (#24). Specifically,
8  defendants claim that plaintiff never filed a grievance with respect to count 12. Additionally,
9  plaintiff only filed informal and first level grievances for counts 15 and 22, but failed to file a
10 second level grievance. Finally, plaintiff filed an informal grievance for count 45, but this
11 grievance was returned to him because he grieved more than one issue, which is impermissible
12 under AR 740. *Id*. p. 5. In his motion to keep counts 12, 15, 22, 45, plaintiff contends that he only
13 need file a first level grievance to exhaust his administrative remedies (#29). Plaintiff claims that
14 defendants do not send second level grievances to be reviewed by central, as mandated by AR
15 740, but that they are reviewed internally by wardens. *Id*. As such, plaintiff argues that "a first
16 level grievance is exhausted do (sic) to [defendants'] failure to follow AR and send second level
17 grievance to proper respondent." *Id*. Defendants reply that plaintiff failed to exhaust his
18 administrative remedies under AR 740 (#6). Additionally, defendants contend that plaintiff
19 provides no evidentiary support for his argument that defendants fail to send second level
20 grievances to the NDOC Central Office. *Id*., p. 6. Further, defendants claim that plaintiff has fully
21 complied with the AR 740 grievance procedure on three separate occasions, and that each of his
22 second level grievances was answered by NDOC Central Administration. *Id*.

23 The PLRA mandates that inmates exhaust their administrative remedies prior to filing
24 suit; therefore, plaintiff was required to file three levels of grievances for each of his counts.
25 Plaintiff filed no grievances for count 12 (#24, p. 5, exh. B, p. 12, ¶ 4), and he filed his informal
26 grievances for both counts 15 and 22 after he commenced this action. *Id*. p. 5, exh. B, p. 13-17.
27 (Plaintiff filed his informal grievance on February 28, 2008, and commenced his civil suit on
28 October 26, 2007). Plaintiff argues that he only has to file a first level grievance to exhaust his

4

administrative remedies. Even if the court accepted this argument, plaintiff would still have not exhausted with respect to counts 12, 15, and 22.

Plaintiff filed both informal and first level formal grievances complaining about nicotine stains on his cell walls in 2004, before he commenced the instant action (#24, p. 5, exh. B, p. 24-28).[1] Plaintiff did not submit a second level grievance. The evidence reveals that plaintiff is familiar with the grievance process and knows how to complete all three levels so as to sufficiently exhaust (#33, exh. A). Plaintiff claims that ESP officials' alleged failure to comply with AR 740 effectively changes the exhaustion requirement. However, plaintiff has submitted no evidence to corroborate his argument, and officials at NDOC Central Administration reviewed three of plaintiff's previous second-level grievances, thus undermining his claim. *Id. see* GR2004-24-4254, GR2006-24-19588, GR2006-24-19589. Therefore, the court declines to address the merits of this argument. Plaintiff failed to exhaust his administrative remedies; therefore, defendants' motion to dismiss counts 12, 15, 22, and 45 is granted.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff failed to exhaust his administrative remedies prior to filing his complaint. As such, the court concludes that defendants' motion to dismiss counts 12, 15, 22, and 45 (#24) be **GRANTED** and the action be dismissed without prejudice.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal

---

[1] As defendants acknowledge that the charcoal stains plaintiff complains of in count 45 may refer to nicotine stains, the court construes these grievances to be related to this count even though they do not specifically mention "charcoal stains." *Id.* p. 5, lines 22-23.

pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss counts 12, 15, 22, and 45 (#24) be **GRANTED** and the action be dismissed without prejudice.

**DATED:** December 16, 2008.

*/s/ Valerie P. Cooke*

**UNITED STATES MAGISTRATE JUDGE**